## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

TENA MARIE MESSER,

     *Plaintiff*,               CASE NO. 15-13470

*v.*                        DISTRICT JUDGE THOMAS LUDINGTON
                        MAGISTRATE JUDGE PATRICIA T. MORRIS
OCWEN LOAN SERVICING, L.L.C.,

     *Defendant*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (Doc. 7)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 7) be **GRANTED** and that Plaintiffs' complaint (Doc. 1) be **DISMISSED with prejudice**.

### II.    REPORT

#### A.    Introduction

This mortgage foreclosure action was originally filed in the Presque Isle County Circuit Court, State of Michigan; the case was removed to this Court on October 1, 2015, by Defendant Ocwen Loan Servicing, L.L.C ("Ocwen"). (Doc. 1 at 1-7). It was referred by United States District Judge Thomas L. Ludington to the undersigned magistrate judge

1

for general case management on October 5, 2015, and was re-referred on October 22, 2015. (Doc. 2, 4).

Plaintiff Complaint states a general heading that the complaint is "for breach of contract, misrepresentation, wrongful foreclosure and emergency injunctive relief." (Doc. 1 at ID 12.) Plaintiff requests the Court "[e]nter an order to enjoin the foreclosure[,]" "[r]equire Ocwen to foreclose judicially; thereby allowing this Court to determine the true balance of the loan" and "[g]rant such other relief as is equitable." (Doc. 1 at ID 14.)

On December 7, 2015, Defendant filed the instant motion to dismiss. (Doc. 7). The Court granted several motions to extend the deadline to respond, and Plaintiff responded on February 1, 2016. (Doc. 13). On May 2, 2016, the Court noted that Plaintiff's response was largely composed of blank pages, and was stricken as wrongly or incompletely filed. Plaintiff filed a complete version of her response on May 10, 2016. (Doc. 14). The parties stipulated to extension of the time in which to file a reply, and on June 6, 2016, Ocwen filed its reply. (Docs. 15, 16). Therefore, the motion is ready for report and recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(1).

### B.    Factual Background

The property in question is commonly known as 14629 East 638 Highway, Presque Isle, Michigan 49777 ("Property"). (Doc. 1 Ex. A). In 2003 Plaintiff received a loan pursuant to a mortgage ("Mortgage") from First Franklin Financial Corporation in the amount of $187,500.00 to purchase the Property. (Doc. 7 at 1). In 2012, the Mortgage was assigned to Wells Fargo Bank, NA, as Trustee. (*Id*. at 2). At some point Ocwen was

engaged as a mortgage servicer. Plaintiff had difficulty making payments on the Mortgage, and on March 19, 2013, she and Ocwen entered into a modification agreement ("Modification Agreement"). (Doc. 1 Ex. A, PGID 13 at ¶7). Plaintiff avers that the Modification Agreement included a debt forgiveness provision "provided she is not in default and all payments are made pursuant to the loan modification." (*Id*. at ¶6). Plaintiff also asserts that Ocwen separately and independently of the Modification Agreement "choose [sic] to cancel a portion of the debt and forgive $44,439.90 of the loan . . . and issued Plaintiff IRS form 1099-C for the 2013 tax year." (*Id*. at ¶7). Plaintiff acknowledges that she failed to make payments pursuant to the Modification Agreement in September 2014. (*Id*. at ¶9). Despite this default, Plaintiff asserts that Ocwen issued a payoff quote of $138,060.73 on October 27, 2014, and in December 2014 issued an Internal Revenue Service ("IRS") form 1098 Mortgage Interest Statement showing a balance of $135,464.86. (*Id*. at ¶¶10-13). Plaintiff also asserts that she contacted Ocwen by phone several times, whose employees consistently reported that the loan balance was near that amount, and that Plaintiff checked her account on Ocwen's website in March 2015, which reflected a balance $135,464.86. (*Id*.).

Plaintiff alleges that she listed the Property for sale in December 2014 "with a strategy based on Defendant's representations of the loan balance, including rejecting an offer to purchase the home." (Doc. 1 Ex. A, PGID 13 at ¶14-15). Ocwen then initiated foreclosure proceedings in March 2015, representing that the loan balance on the Mortgage was $176,617.37, which included "other advances" in the amount of

3

$36,617.37. Plaintiff asserts that this figure represents Ocwen's attempt to renege on its earlier debt cancellation. (*Id*. at ¶¶17-18). This amount was then increased to $177,955.93 in April 2015. (*Id*. at ¶19). Plaintiff alleges that Ocwen thereby violated its duty to exercise reasonable care and skill in executing its duties as a mortgage servicer, which caused Plaintiff to suffer unspecified actual and special damages. (*Id*. at ¶¶ 20-23). Finally, Plaintiff noted that the Sheriff's sale was scheduled for June 5, 2015, the same day that Plaintiff filed her complaint. (*Id*. at ¶ 26). The redemption period expired on December 5, 2015. (Doc. 7 Ex. 3).

In its motion to dismiss, Ocwen argues that Plaintiff's complaint is fatally deficient because Plaintiff lacks any statutory standing to bring claims relating to the Property, has failed to identify any defect in the foreclosure process, and failed to allege any prejudice resulting from Ocwen's acts. (Doc. 7 at 4-11).

In her response, Plaintiff asserts that Ocwen "deviated from the Modification Agreement and choose [sic] to cancel a portion of the debt in advance and forgive $44,439.90 of the loan." (Doc. 14 at 2). She asserts that she "chose a specific listing price that would encourage a fast sale and payoff of the outstanding balance." (*Id*. at 5). She avers that she had three interested buyers, who made offers of $167,000, $150,000, and $165,000, but that all three fell through. (*Id*. at 5-6). She further argues that Ocwen failed to record the Modification Agreement. (*Id*. at 9).

Defendant replies that Plaintiff lacks standing, has failed to identify a defect in the foreclosure proceeding, that her inability to sell the property is not evidence of prejudice,

4

and that there is no basis for her request to compel Defendant to proceed with a judicial foreclosure. (Doc. 16.)

### C.     Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant

6

attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

### D.   Analysis

#### 1.   Plaintiff Has Not Identified Fraud or Defect in the Foreclosure Process

Under Michigan law, "[w]hen the redemption period expires, the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property." *Carmack v. Bank of New York Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *2 (E.D. Mich. June 25, 2012) (citing Mich. Comp. Laws § 600.3236). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Overton v. Mortgage Elec. Reg. Sys.*, No. 07-725429, 2009 WL 1507342, at *1 (Mich. Ct. App. 2009).

The Michigan Court of Appeals has affirmed the holding in *Overton* even where the plaintiff filed suit before expiration of the redemption period. *Awad v. General Motors Accept. Corp.*, No. 302692, 2012 WL 1415166, at *3 (Mich. Ct. App. 2012). The

7

court reiterated that "[u]pon the expiration of the redemption period, [plaintiff] lost all right, title, and interest in the property and therefore, lost her standing to sue." *Id.*; *see also Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012); *Kumar v. U.S. Bank Nat'l Ass'n,* No. 12-cv-12624, 2013 WL 783999, at *2 (E.D. Mich. Mar. 1, 2013); *Costell v. Bank of New York Mellon*, No. 12-cv-15063, 2013 WL 317746, at *3 (E.D. Mich. Jan. 28, 2013) ("The commencement of legal proceedings prior to the expiration of the redemption period does not preserve a mortgagor's standing to challenge the foreclosure sale."); *Allor v. Federal Home Loan Mort. Corp.*, No. 12-12290, 2012 WL 5265738, at *2 (E.D. Mich. Oct. 24, 2012); *Sylvester v. Fannie Mae*, No. 12-13186, 2012 WL 4694348, at *2 (E.D. Mich. Oct. 3, 2012) ("[T]hat Plaintiff filed her suit before the redemption period expired does nothing to advance her claims"); *Chungag v. Wells Fargo Bank, N.A.*, No. 12-11073, 2012 WL 1945483, at *4 (E.D. Mich. May 30, 2012); *Duff v. Federal Nat'l Mort. Ass'n,* No. 11-cv-12474, 2012 WL 692120, at *3 (E.D. Mich. Feb. 29, 2012); *Luster v. Mortgage Elec. Reg. Sys.,* No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012).[1]

---

[1] *But see Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 823-24 (E.D. Mich. Mar. 19, 2012) (disagreeing with cases finding that plaintiffs lack standing after redemption period expires because plaintiffs are the last owner and possessor of the property and often remain in possession of the property notwithstanding any sheriff's sale, which should satisfy the injury-in-fact requirements for standing, but ultimately concluding that the "court does not need to resolve Plaintiffs' standing . . . because, even assuming they have such standing, their claims are still subject to dismissal . . . ."); and *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. 2012).

The Sixth Circuit has held in several unpublished decisions that the Michigan "holdings 'do[] not turn on [the] standing doctrine[]'" but that it is "more accurate to say that the 'fraud or irregularity' claims in *Overton*, *Awad*, and *Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani v. Indymac Mort. Servs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013) (citing *Houston v. U.S. Bank Home Mort. Wisc. Serv.*, No. 11-2444, 2012 WL 5869918, at * 4 (6th Cir. Nov. 20, 2012)). The high standard referred to by the Sixth Circuit is "whether [the plaintiff] made a sufficient showing of 'fraud or irregularity' in connection with the sheriff's sale of his home to 'undo the divestment of [his] property.'" *El-Seblani*, 510 F. App'x at 429; *Houston*, 2012 WL 5869918, at *5.

The Sixth Circuit has explained in a published opinion that "[w]hether the failure to make this showing is best classified as a standing issue or a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. MERS*, 714 F.3d 355, 359-60 (6th Cir. 2013). Finally, the Sixth Circuit has emphasized that any alleged fraud or irregularity "'must relate to the foreclosure procedure itself.'" *Id.* at 360 (citation omitted).

Plaintiff also contends that the Modification Agreement was not properly recorded as required by MCL 600.3204(c), thus Ocwen's foreclosure was defective and improper. (Doc. 1 at ID ; Doc.14 at 9). Any "violation of the [Michigan] loan modification statute [MCL 600.3204 et seq.], standing alone, is not enough to show fraud or irregularity."

9

*Acheampong v. Bank of New York Mellon*, No. 12-13223, 2013 WL 173472, at *6 (E.D. Mich. Jan. 16, 2013)(collecting cases).

Plaintiff cites *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 497 (6th Cir. 2014), which held the exclusive remedy for a defendant's failure to comply with the loan modification process outlined in the Michigan statute is to file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding into a judicial foreclosure under MCL § 600.3205c(8). *Id.* at 499. Since the plaintiff had not availed himself of that remedy prior to the foreclosure sale, the court in *Elsheick* held that any alleged prejudice was of his own doing and thus was insufficient to set aside the foreclosure sale. *Id.* at 499. The same is true for the instant Plaintiff; she cannot rely on her failure to pursue a state remedy to reinvigorate her ability to show a defect or fraud in the foreclosure process.

Plaintiff has not demonstrated that a misleading statement regarding the amount owing or forgiven on a mortgage constitutes fraud *in the foreclosure process itself*, and the Court is not aware of any authority supporting that position. This is sensible, given that "the loan modification process is not a part of the foreclosure [process]." *Campbell v. Nationstar Mortgage*, 611 F. App'x 288, 295 (6th Cir.), cert. denied, 136 S. Ct. 272 (2015).

Since a defect in the foreclosure process only renders the foreclosure sale voidable, not void, even if Plaintiff could demonstrate fraud or a defect in the foreclosure process, she would also be required to demonstrate that she suffered prejudice as a result

10

of that fraud. Stated differently, mortgagors must demonstrate that "they would have been in a better position to preserve their interest in the property absent the alleged defect." *Downey v. Fed. Nat. Mortgage Ass'n*, 590 F. App'x 587, 591 (6th Cir. 2014), cert. denied, 135 S. Ct. 2383 (2015). Plaintiff's claim that she could have preserved her interest in the Property but for Ocwen's alteration of the loan balance is quizzical at best. (Doc. 14 at 11). Preserving interest in a property generally comes in the form of "redeem[ing] the property or . . . pa[ying] off [the] debt." *Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 957 (6th Cir. 2014). Even assuming that Plaintiff would have sold the Property to a private buyer, but for Ocwen's reneging on amounts previously forgiven, that act would not preserve Plaintiff's interest in the Property. "[H]aving a possible buyer is not the same as attempting to redeem the property. Thus, [the aggrieved party] cannot show prejudice and the foreclosure sale should not be voided." *Fed. Deposit Ins. Co. v. Torres*, No. 3112277, 2014 WL 309787, at *6 (Mich. Ct. App. Jan. 28, 2014).

### 2.   *Plaintiff's Other Potential Claims*

Plaintiff Complaint states a general heading that the complaint is "for breach of contract, misrepresentation, wrongful foreclosure and emergency injunctive relief." (Doc. 1 at ID 12.) Plaintiff asserts that Ocwen improperly calculated the amount owing on the Mortgage in the amount of $44,439.00. (Doc. 1 Ex. A, PGID 13 at ¶¶17-18). At first glance it appears arguable that Plaintiff is attempting to raise claims for breach of contract and misrepresentation. However, Plaintiff's request for relief shows otherwise. Plaintiff asks

11

only for the Court to "[e]nter an order to enjoin the foreclosure[,]" "[r]equire Ocwen to foreclose judicially; thereby allowing this Court to determine the true balance of the loan" and "[g]rant such other relief as is equitable." (Doc. 1 at ID 14.) Plaintiff does not ask for compensatory damages for breach of contract or misrepresentation. Therefore, these potential claims are nothing more than a collateral attack on the foreclosure and are barred for lack of a fraud or defect in the foreclosure process as described above.

Even if the claims were not barred, the Complaint does not set forth individual counts or claims. A conclusory and generalized heading at the top of a Complaint is insufficient to state a claim, especially where, as here, Plaintiff does not specify whether she believes Ocwen violated an explicit contractual obligation. *Santilli v. JPMorgan Chase Bank*, No. 14-12359, 2014 WL 6675327, at *5 (E.D. Mich. Nov. 25, 2014)(conclusory reference to breach of contract without indication as to what term of any contract was breached is insufficient to survive a motion to dismiss).

Even if the Complaint could be read to assert these individual claims, a passing reference to misrepresentation cannot satisfy either the elements of fraud under Michigan law[2] or the special pleading requirements under Rule 9(b) of the Federal Rules of Civil

---

[2] **Error! Main Document Only.**To prove fraud, a plaintiff  must show
> (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976) (quoting *Candler v. Heigho*, 208 Mich. 115, 121 (1919)); Mich. Ct. Rule 2.112(B)(requiring particularity in

Procedure.[3] Since Plaintiff's Complaint fails to address any of the requirements, it cannot survive a motion to dismiss.

Plaintiff also asserts that Ocwen "had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant" to the Mortgage, and that Ocwen "breached their duty of care and skill . . . by . . . foreclosing on the Property without the proper loan balance." (Doc. 1 Ex. A, PGID 14 at ¶¶20-21). However, Courts in this district have repeatedly rejected such claims because "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827, 841 (2006); *see also Austerberry*, No. 15-CV-13297, 2015 WL 8031857, at *8; *Fredericks v. Allquest Home Mortgage Corp.*, No. 15-10429, 2015 WL 1966856, at *4 (E.D. Mich. Apr. 30, 2015); *Cheesewright v. Bank of Am., N.A.*, No. 2:11-CV-15631, 2013 WL 639135, at *5 (E.D. Mich. Feb. 21, 2013). In the alternate, if Plaintiff intended to argue that Defendant violated an explicit obligation of good faith and fair dealing imposed in this specific mortgage contract, she has failed to identify any provision of that contract which could support such a claim. Finally, to the extent that Plaintiff asserts that Defendant's forgiveness on a portion of the debt was made and then withdrawn during the loan modification process, Courts in this district

---

pleading).
    [3] Under this rule, a plaintiff must: "(1) specify the statements that [they] contend [] were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).

13

have consistently held that lenders do not owe borrowers a duty of care in the loan modification context. *Ross v. Fed. Nat. Mortgage Ass'n*, 13–12656, 2014 WL 3597633, at *9 (E.D. Mich. July 22, 2014) (collecting cases).

Finally, Plaintiff's request that the court enjoin the foreclosure on the Property, or convert the foreclosure by advertisement to a judicial foreclosure, is also unavailing. The redemption period expired on December 5, 2015, (Doc. 7 Ex. 3), thus this request is moot. *See Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) ("[Plaintiff] brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert.").

### E.   Conclusion

For the reasons stated above, the Court recommends that Defendant's motion to dismiss (Doc. 7) be **GRANTED**, and that Plaintiffs' complaint (Doc. 1) be **DISMISSED with prejudice**.

## III.   <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United*

14

*States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 13, 2016                          S/ PATRICIA T. MORRIS
                                              Patricia T. Morris
                                              United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: June 13, 2016                          By s/Kristen Krawczyk
                                              Case Manager